UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:06-CV-143-TBR

UNITED STATE OF AMERICA, for the
use of LEE MASONRY PRODUCTS, INC.                                          PLAINTIFF

v.

ROSS FINLEY and
ZURICH IN NORTH AMERICA                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendant Zurich in North America's Motion to Dismiss (Docket #18). Plaintiff Lee Masonry Products, Inc. has responded (Docket #19). Defendant has replied (Docket #20). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Defendant Ross Finley ("Finley") entered into a contract with the United States, through the Department of the Army, for the construction of a Flight Simulator Project at Fort Campbell, Kentucky. Finley subcontracted the production of certain materials for the project with Plaintiff Lee Masonry Products, Inc. ("Lee Masonry"). The materials were delivered, but the balance due remained unpaid. Lee Masonry last supplied materials to Finley on September 6, 2005.

On December 7, 2005, Lee Masonry served written notice to Finley for the unpaid balance owed pursuant to 40 U.S.C. § 3133(b), formerly 40 U.S.C. § 270(b). On September 12, 2007, the Court entered default judgment against Finley in the amount of § 53,385.69 plus post-judgment interest. On October 2, 2008, Lee Masonry amended its complaint to add Defendant Zurich in North America as a party. Lee Masonry alleged that no payment has been made under the default judgment and that Zurich in North America was the surety of a payment bond for the

supplies provided and work performed by Finley. Therefore, Lee Masonry sought to recover from Zurich in North America.

The entity Zurich in North America does not exist. The bond identified by Lee Masonry was issued by Fidelity and Deposit Company of Maryland, a wholly-owned subsidiary of Zurich American Insurance Company (hereinafter "Zurich"). Zurich now moves to dismiss the present action.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). "A district court need not, however, accept as true legal conclusions or unwarranted factual inferences." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 617 (6th Cir. 2008) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir.2006)).

The Supreme Court's recent decision in *Bell Atlantic Corporation v. Twombly* clarified the pleading standard necessary to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965.

## ANALYSIS

The Miller Act, 40 U.S.C. § 3131 *et seq.*, governs construction bonds involving contracts with the federal government.  Under the Act, a subcontractor has a right of recovery against the principal contractor or surety for the labor or materials it supplies.  40 U.S.C. § 3133(b).  "However, an action for recovery must be filed against the party or parties the plaintiff seeks to hold liable within one year after the last day on which the material was supplied."  *U. S. v. W. Cas. & Sur. Co.*, 359 F.2d 521, 524 (6th Cir. 1966); 40 U.S.C. § 3133(b)(4).

Zurich argues that Lee Masonry's action was not timely filed under 40 U.S.C. § 3133(b)(4).  Section 3133(b)(4) states: "An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."  Zurich argues that because Lee Masonry last supplied materials to Finley on September 6, 2005, Lee Masonry had until September 6, 2006 to file an action against Zurich.  Because Lee Masonry did not amend its complaint to include Zurich until October 2, 2008, Zurich argues that the lawsuit against it is untimely filed and must be dismissed.

Lee Masonry filed its original complaint against Finley on September 6, 2006.  Lee Masonry argues that because its original complaint asserted the existence of a payment bond, and because it took diligent and repeated efforts to ascertain the identity of the surety, but was unable to do so until March 12, 2008, the case should not be dismissed.

In *United States v. Western Casualty & Surety Company*, the Sixth Circuit considered the issue of "whether or not a plaintiff can commence an action against a surety more than one year after the material in question was supplied."  359 F.2d at 522.  The facts of *Western Casualty* are

3

similar to the present case.  The plaintiff filed suit to recover the balance due for certain materials it supplied to a government contractor.  *Id.*  However, the plaintiff had to amend its complaint when it discovered that it had named the wrong surety as a party.  *Id.*  After amending its complaint, the new surety moved to dismiss the case because the one-year statute of limitations period had passed.  *Id.*  In response, the plaintiff argued that the action was tolled because the original complaint was timely filed.  *Id.*

The Sixth Circuit explained that the amendment adding the new party defendant did not relate back to the date of the filing of the original complaint.  *Id.* at 523.  The Sixth Circuit was unpersuaded by the plaintiff's argument that it had always intended to name the surety and the amendment was merely a correction.  *Id.*  The court explained:

> The effect of Plaintiff's amendment is to add another party.  This establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court.

*Id.*  Because the plaintiff filed its amended complaint against the surety after the one-year statute of limitations had expired, the Sixth Circuit concluded that the district court was correct in dismissing the case against the surety.  *Id.*

Lee Masonry seeks to distinguish *Western Casualty* from the present case on the basis that the plaintiff in *Western Casualty* was trying to substitute the correct surety for one it had incorrectly named, while here Lee Masonry did not name any surety at all within the statutory time period.  Lee Masonry blames the United States Army Corps of Engineers for its failure to add Zurich within the statutory time period, arguing that the Corps failed to respond to its multiple inquiries until March of 2008.

The Court is unimpressed with this argument.  The law is clear.  Lee Masonry last

4

supplied materials to Finley on September 6, 2005. Lee Masonry did not amend its complaint to add Zurich until October 2, 2008, well outside the one-year statutory time period. For these reasons, the Court finds that dismissal is proper.

Because the Court finds that Lee Masonry did not file its action against Zurich within the statutory time period, the Court need not consider whether the ninety-day notice requirement of 40 U.S.C. § 3133(b)(2) was satisfied.

## CONCLUSION

For the foregoing reasons, Defendant Zurich in North America's Motion to Dismiss is GRANTED.

An appropriate order shall follow.